# Ventress *v.* Gunn.

## *Assumpsit.*

(Decided November 21, 1912. 60 South. 560.)

1. *Husband and Wife; Liability of Wife; Agency for Husband.*— Where the wife as the representative of the husband requested the performance of dental work for her minor daughter, which was performed, and the account charged to the husband, and statements mailed to him, and the husband paid something on account, thereby acquiescing in the charge, the wife could not be held liable.

2. *Accounts Stated; How Determined; Prior Indebtedness.*—An account stated presupposes the existence of an account, and the relation of debtor and creditor between the parties when the statement of the account of the one against the other is made, and an account stated cannot be made to create a liability where none existed before.

APPEAL from Etowah Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Assumpsit by C. L. Gunn against Mrs. Thomas Ventress. Judgment for plaintiff and defendant appeals. Reversed and rendered.

CULLI & MARTIN, for appellant. There cannot be an account stated without an original liability as a basis for the account.—*Ware v. Manning*, 86 Ala. 242; *Burns v. Campbell*, 71 Ala. 271; *Loventhal v. Morris*, 103 Ala.

335. Under the facts in this case the account was not stated as to Mrs. Ventress, and she was not in any sense liable.—21 Cyc. 1219; 29 Cyc. 1606; *Engelhart v. Young,* 76 Ala. 538; *Kocker v. Williams,* 3 Pa. Dist. 446; *Clark v. Tennison,* 130 N. W. 895.

GEORGE D. MOTLEY, for appellee. The liability of the wife is fixed by sections 4491 and 4492, Code 1907. The trial was by the court without a jury, was on oral testimony, and hence, will not be disturbed on appeal, unless the evidence fails to support the judgment.—*York v. The State,* 154 Ala. 60; *Thompson v. Collier,* 170 Ala. 469.

WALKER, P. J.—The appeal is from a judgment against the appellant on a trial had without a jury. The claim of the appellee (the plaintiff below) had its origin in dental services rendered by him in the year 1907 to the appellant's daughter, who at that time was about 15 years of age.

The evidence most favorable to the plaintiff is found in his own testimony, which was to the effect that he did the work at the request of the defendant; that the account was charged on his book of original entry against Thomas Ventress, the husband of the defendant and the father of the girl, and statements of it were made out against him; that he sent statements of the account to Thomas Ventress regularly every month from the time it was due until late in the fall of 1909; that in 1907 Thomas Ventress made a payment on the account; that after 1909 he sent to the defendant regularly every month a statement of the balance due on account. The evidence in behalf of the defendant was to the effect that she did not employ the plaintiff to do the work, and that she did not receive any statement

of an account against her until more than three years after the work was completed.

The plaintiff's testimony shows unequivocally that the rendition of the service was by him made the basis of an account against Thomas Ventress, and that the charge was acquiesced in by the latter, thus establishing the relation of creditor and debtor between the plaintiff and a person other than the defendant. His conduct shows that he understood and treated the defendant's request for the rendition of the services as made, not in her own behalf, but as the agent of her husband, the father of the girl, and that the service was rendered, not for the defendant or on her credit, but on the credit of the head of the family as the person presumptively chargeable for such a necessary service rendered to his minor daughter. The inference is excluded that the minds of the plaintiff and the defendant met in a consent that the latter was to be the debtor as a result of the former's compliance with the request made.

The rules of law for determining when a claim is converted into a stated account presuppose the existence of an account, of the relation of creditor and debtor between the parties, when the statement of the claim of the one against the other is made, and do not apply when the only result of the transaction upon which the claim is based was the creation of a debt against a third party. The only permissible conclusion from the evidence in this case is that the defendant was not indebted to the plaintiff when the statement of the claim was made by the latter against the former. This being true, such statement, though not controverted, could not result in the creation of an indebtedness which before that had no existence. We are of opinion that the evidence, without conflict, negatived the existence of a debt

[Marsicano v. Phillips.]

owning by the defendant to the plaintiff. It follows that the judgment rendered by the court, sitting without a jury, must be reversed, and a judgment in favor of the defendant will here be rendered.

Reversed and rendered.